# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re:* R.D., R.D., and R.D.

No. 12-1078 (Mingo County 11-JA-90, 91, and 92)

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Susan Van Zant, appeals the Circuit Court of Mingo County's Order entered on September 4, 2012, terminating petitioner's parental rights. The guardian ad litem, Lauren Thompson, filed her response on behalf of the children. The West Virginia Department of Health and Human Resources ("DHHR"), by Lee Niezgoda, its attorney, filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

A petition for immediate custody of minor children in imminent danger was filed after Child Protective Services received a referral on November 1, 2011, and November 18, 2011, alleging Leonard I.[1], was drinking and smoking marijuana in the presence of the children and that one child had missed twenty days of school without any doctors excuses. The children were immediately removed from the home based on the finding that they were at risk to be abused/neglected and were medically and educationally neglected by Petitioner Mother. During the pendency of the case, Petitioner Mother was granted two ninety-day improvement periods in which she failed to make any meaningful progress. Petitioner Mother continued to use illegal drugs, refused to seek treatment, willfully refused to cooperate in family case plan, and failed to follow through with medical and mental health rehabilitation. Petitioner Mother's parental rights were then terminated based on these findings.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[1] Leonard I. is the father of two of the subject children. His parental rights were terminated in the underlying case. He has filed petition number 12-1484. The remaining father, Leo C., had his parental rights terminated as well and has yet to file a petition.

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Mother argues that the circuit court erred in terminating her parental rights by not considering the totality of the circumstances and finding that the situation is unlikely to improve. Petitioner Mother argues it is in the best interest of her children to remain in her care because of the close family bond. Additionally, Petitioner Mother argues her situation has improved since her rights were terminated and is now willing and able to participate in all services previously offered. Finally, Petitioner Mother argues the least restrictive alternative should have been implemented before terminating her parental rights but fails to suggest an alternative.

The guardian responds in favor of the removal and termination of parental rights, arguing Petitioner Mother understands the situation, admits to problems, and knows how to solve them but chose to do nothing. The guardian agrees the circuit court acted in the best interest of the children by terminating Petitioner Mother's parental rights because she failed to successfully complete her improvement period. The DHHR concurs that the circuit court properly terminated Petitioner Mother's parental rights after she failed to make any meaningful progress during her improvement period. The DHHR notes Petitioner Mother was given eight months of services aimed at helping her overcome addiction and safely parenting her children, yet she failed to make even minimal progress in treating her addiction. The DHHR recognizes the close bond Petitioner Mother has with the subject children but agrees the court properly considered such bond and awarded post-termination visitation.

This Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). This Court finds that the circuit court was presented with sufficient evidence upon which it could have found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Likewise, this Court finds no error in the removal of the child based on imminent danger.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that:

[i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, the circuit court's order terminating Petitioner Mother's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II